**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 20-cv-02042-PAB-SKC

AKTIV FITNESS GROUP, LLC,

    Plaintiff,

v.

KEITH BURNS,

    Defendant.

---

**JOINT MOTION FOR MAGISTRATE-FACILITATED SETTLEMENT CONFERENCE
AND STAY OF LITIGATION**

---

    Defendant Keith Burns ("Defendant") and Plaintiff Aktiv Fitness Group, LLC ("Plaintiff") (each a "Party," and collectively, the "Parties"), through undersigned counsel, respectfully submit this Joint Motion for a Magistrate-Facilitated Settlement Conference and Stay of Litigation pursuant to D.C.COLO.LCivR 72.1(c) and D.C.COLO.LCivR 16.6(a), and in support thereof, state as follows:

**BACKGROUND**

    1.    This matter arises from the Parties' dispute over legal ownership of certain intellectual property related to, and rights to operate under, the "Brute Force Training" brand of athletic training equipment, primarily sandbags. In an attempt to resolve their dispute without judicial intervention, or the need for a third-party neutral, the Parties engaged in early settlement discussions in March 2020.

2. The Parties were unable to reach mutually agreeable terms and Plaintiff filed the instant action on June 30, 2020 in the Colorado District Court for Larimer County. [ECF Doc. #2]. On July 13, 2020, Defendant removed this action to the United States District Court for the District of Colorado. [ECF Doc. #1].

3. The Scheduling Conference is currently set for September 1, 2020. Defendant's response to Plaintiff's Verified Complaint for Damages, Replevin and Application for Emergency Ex Parte Temporary Restraining Order and Injunctive Relief and Jury Demand ("Verified Complaint"), [ECF Doc. #2], is currently due on or before August 20, 2020. [ECF Doc. #13].

**REQUEST FOR A MAGISTRATE-FACILITATED SETTLEMENT CONFERENCE**

4. According to D.C.COLO.LCivR 16.6(a), "all litigants in civil actions shall consider the use of an alternative dispute resolution process." Thus, pursuant to the aforementioned Local Rule and the Parties' obligation to provide settlement prospects in the forthcoming Proposed Scheduling Order, the Parties conferred extensively to ascertain the viability of early resolution.

5. During the course of the Parties' extensive conferral, each Party made certain concessions in good-faith and in an effort to determine whether they could engage in a meaningful settlement conference.

6. While the Parties have made significant progress since March 2020, both agree that further settlement discussions would be unproductive without a qualified mediator. Further, both Parties agree that Magistrate Judge S. Kato Crews is aptly suited to guide the Parties towards a mutually agreeable resolution based on his civil litigation experience as a private

practitioner and as a judge on the United States District Court for the District Colorado. *See* D.C.COLO.LCivR 72.1(c)(1) (a magistrate judge may conduct settlement conferences).

7. Thus, the Parties agree and prefer to continue settlement discussions at a settlement conference facilitated by Magistrate Judge S. Kato Crews at his earliest convenience.

## REQUEST FOR STAY OF LITIGATION

8. Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Slawson Expl. Co. v. Arch Specialty Ins. Co.*, Civil Action No. 15-cv-01131-KLM, 2015 U.S. Dist. LEXIS 153292, at *1–4 (D. Colo. Nov. 12, 2015); *see also* D.C.COLO.LCivR 16.6(a) ("To facilitate settlement or resolution of the suit, the district judge or magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order.").

9. When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *Slawson Expl. Co.*, 2015 U.S. Dist. LEXIS 153292, at *3–4. Each factor will be discussed in turn.

10. First, Plaintiff agrees that it is in its best interest, and there is no potential prejudice due to delay, if litigation is stayed until further order while the Parties engage in a magistrate-facilitated settlement conference at Magistrate Judge Crews' earliest convenience. Second, Defendant agrees that he will not be burdened by a stay of this litigation, including his forthcoming deadline to file a response to the Verified Complaint, while the Parties engage in a magistrate-facilitated settlement conference. Third, the Parties agree that prospects for

settlement during a settlement conference facilitated by Magistrate Judge Crews is moderate to probable. If a settlement is reached during the stay, the Court will preserve judicial resources that would otherwise be expended on protracted litigation. Additionally, the Parties request a settlement conference at *the Court's* earliest convenience. Fourth, the nonparties that are readily identifiable at this time are affiliates of the Parties and early resolution would align with the nonparties' interests. Finally, the public interest is served by staying the litigation to encourage settlement under the Local Rules of the District Court for the District of Colorado and the potential to preserve judicial resources that may then be applied to other matters.

11. In sum, based on the foregoing factors and that potential for early resolution of this case at a settlement conference facilitated by Magistrate Judge Crews, the Parties request a stay of litigation until the settlement conference is held.

12. Finally, the Parties note that Chief Judge Brimmer encourages settlement discussions but does not permit continuances for pre-trial deadlines. *See* Judge Philip A. Brimmer's Civil Practice Standards, § I(H)(3). The Parties respect Chief Judge Brimmer's expectation that litigation proceeds efficiently and without undue delay but respectfully request an exception in the present matter because a stay of litigation, as opposed to a continuation of any pretrial deadline, best serves the Parties' interests in potentially avoiding further litigation expenses and similarly serves the Court's interest in potentially preserving judicial resources if a settlement is reached during the stay of litigation.

## CONCLUSION

**WHEREFORE**, the Parties jointly and respectfully move the Court to set a settlement conference facilitated by Magistrate Judge Crews, at his earliest convenience, and to enter an

order to stay the pending litigation, including, but not limited to, Defendant's forthcoming deadline to respond to Plaintiff's Verified Complaint, until completion of the settlement conference.

Respectfully submitted:

Dated:  August 17, 2020
                                         s/ Joshua D. Kohler
Joshua D. Kohler
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Phone: (303) 861-7760
Joshua.Kohler@lewisbrisbois.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2020, a true and correct copy of the foregoing **JOINT MOTION FOR MAGISTRATE-FACILITATED SETTLEMENT CONFERENCE AND STAY OF LITIGATION** was filed with the Clerk of the Court and served electronically via the CM/ECF system, as follows:

J. Aaron Atkinson
Bailey C. Pompea
HACKSTAFF & SNOW, LLC
1601 Blake St., Suite 310
Denver, CO  80202
aa@hackstafflaw.com
bp@hackstafflaw.com
*Attorneys for Plaintiff*

                                               *s/ Joshua D. Kohler*
Lewis Brisbois Bisgaard & Smith LLP